## CARRIE WHEATON v. JOSEPH J. WOELL.[1]

January 2, 1931.

No. 28,189.

[1]Reported in 234 N. W. 14.

*Edwin C. Brown,* for appellant.

*Mark & Barron* and *F. C. McGivern,* for respondent.

OLSEN, J.

Appeal by defendant from the judgment of the district court herein.

■ Simon P. Werner and Elvira E. Werner were husband and wife. On April 5, 1919, the husband made his last will and testament. He died on July 6, 1919. The will was duly admitted to probate and the estate administered. The will, after providing for payment of funeral expenses and debts and making a minor bequest to the wife, provided that the residue of the estate be a trust fund to be placed in the hands of the defendant and managed and invested by him as trustee. The estate consisted of cash and notes secured by real estate mortgages, amounting in the aggregate to something over $13,000 in value. The trustee was directed by the will to collect the amounts owing on mortgages when due and to reinvest same. He was to deposit in bank or reinvest the annual

income, subject however to payments directed to be made to the wife. The fourth and fifth paragraphs of the will then provide:

"Fourth. Said trustee shall each month deposit to the credit and subject to the order of my said wife, Elvira E. Werner, in such bank as she shall direct the sum of $30.00. The sum so deposited to her credit to be taken from the interest or profit, arising from said Trust Fund, and shall be made each month as long as she may live.

"Fifth. Should said Elvira E. Werner become sick and require medical aid or nursing, the money to pay for the same shall be also furnished by said trustee from the interest and profits arising from said Trust Fund, and in addition to the $30.00 per month heretofore mentioned."

The eighth paragraph provides that after the death of the wife the trustee shall distribute the trust fund by paying or transferring $1,000 therefrom to each of testator's five daughters, and $500 thereof to each of two nephews, a total of $6,000. These daughters were testator's children by a former marriage. The ninth paragraph then provides that in case anything remains after making such payments, the remainder shall be equally divided between his five daughters. The wife assented to the will, and defendant qualified and is acting as executor and trustee thereunder. The wife died testate on December 11, 1927. Her will was duly admitted to probate, and the plaintiff was appointed and qualified as executrix thereunder and is now such executrix. Claims have been filed against the wife's estate. It is stipulated that if Elvira E. Werner had received $30 per month from the estate of her husband, as provided in his will, she would have received up to the time of her death $3,030; that she received only $1,920; that in addition thereto the defendant paid on her account $39.94 for medical care and $254 for her funeral expenses. Plaintiff brought this action to recover the balance of the $3,030 over and above the payments made. The court found in plaintiff's favor, and judgment was entered accordingly.

At the time the husband made his will and at the time he died the property placed by him in the trust created was sufficient to produce an income of at least $650 a year under ordinary circum-

stances. The payments to the wife amounted to $360 a year, with the condition that in case of her illness expenses for medical aid and nursing should be paid in addition thereto. No doubt both the husband and the wife considered that the $30 per month payments to her were amply secured and would be certain. Again, in providing for the distribution of the fund after the death of the wife, the testator made specific disposition of only $6,000 of the fund. This left an apparent balance of $7,000 for such contingencies as might arise. It does not seem unreasonable to infer that in so cutting down the specific provisions for his daughters and nephews he had in mind that at some time the income might depreciate below the amount to be paid to the wife and that part of the principal could be used to make up such deficiency.

As pointed out in the helpful memorandum of the trial court, the provision that the wife should receive money to pay for nursing and medical care in case of illness, in addition to the $30 per month, and that such money should be paid out of income, would leave the wife without any provision in case of illness if the income failed and the principal could not be resorted to. It does not seem reasonable to believe the husband so intended.

It is stipulated that after the death of the husband the estate became the owner of certain real estate upon which testator held a mortgage for $9,000, and that this real estate depreciated in value and is now worth not over $5,000. Presumably the trustee acquired this real estate by foreclosure, as he had no authority to buy real estate. It is not otherwise stated that any loss was sustained by the estate. If the mortgagor was solvent and the property bid in for not more than $5,000, no loss would ordinarily result.

It is stipulated further that the income from the trust property did not exceed the expenses of administration and the amount paid to and paid out for the wife during the time in question. It follows that the amount to be paid under the judgment entered must be paid out of the principal of the trust fund. The present value or condition of the trust fund is not shown. It is not shown or claimed that the payment of the present judgment will reduce the

trust estate below $6,000, or prevent the full payment of the bequests of that amount to the testator's daughters and nephews. The trial court construed the will, in the light of the circumstances shown, as giving the wife the absolute right to receive an income of $30 per month from the trust estate, and that if the income was not sufficient for that purpose the principal should be resorted to, at least so far as it did not diminish the bequests of the $6,000 to the daughters and nephews.

We hold that the trial court was justified in so construing the will.

■ A motion for amended findings and conclusions of law or, for a new trial was made and denied. One of the grounds presented for a new trial was alleged newly discovered evidence. We find no error by the court in denying the motion for a new trial on that ground or in denying the motion to amend its findings and conclusions of law.

■ On the motion for a new trial a number of affidavits as to newly discovered evidence were presented. The court had made an order settling the case in October, 1929. After the motion for amended findings and conclusions of law or a new trial had been finally heard and denied, the court made a second order settling the case and included therein the affidavits used on the motion. These affidavits are properly before us on the question of newly discovered evidence and have been so considered. They would be so before us without being included in a settled case. But they are not before us as evidence at the trial upon the issues in the case. Neither the trial court nor this court could try or determine issues in the action on affidavits presented on motion for a new trial.

Judgment affirmed.